# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| GREGORY SCOTT, SR. | CIVIL ACTION |
| VERSUS | NO: 19-9294 |
| THE PRUDENTIAL INSURANCE COMPANY OF AMERICA | SECTION: T |

## ORDER

Before the Court is a Motion to Dismiss[1] filed by The Prudential Insurance Company of America ("Defendant"). Gregory Scott, Sr. ("Plaintiff") has filed an opposition.[2] For the following reasons, the Motion to Dismiss is **GRANTED.**

## FACTUAL AND PROCEDURAL BACKGROUND

This lawsuit involves Plaintiff's state law claims against Defendant for ceasing payment to Plaintiff under a disability policy.[3] Defendant provided Plaintiff a disability insurance policy in connection with Plaintiff's employment at Occidental Petroleum Company ("Occidental").[4] In 1994, Plaintiff was diagnosed with sarcoidosis while employed with Occidental. On February 24, 2011, Plaintiff discontinued working as a technician because of health problems related to sarcoidosis, and Plaintiff filed for long term disability benefits under the policy issued by Defendant.[5] Defendant approved Plaintiff's claim and began making payments in February 2011 for approximately eight months.[6] Defendant then terminated Plaintiff's claim under the disability policy.

---

[1] R. Doc. 6.
[2] R. Doc. 10.
[3] R. Doc. 1.
[4] R. Doc. 1.
[5] R. Doc. 1, ¶11.
[6] R. Doc. 1, ¶12.

On April 10, 2019, Plaintiff filed suit against Defendant for breach of contract, breach of the implied covenant of good faith and fair dealing, intentional infliction of emotional distress, and negligent infliction of emotional distress. On July 30, 2019, Defendant filed a motion to dismiss contending that Plaintiff's complaint fails to state a claim upon which relief can be granted because Plaintiff failed to timely file his complaint.[7]

## LAW AND ANALYSIS

Federal Rule of Civil Procedure 12(b)(6) provides that an action may be dismissed "for failure to state a claim upon which relief can be granted." Motions to dismiss for failure to state a claim are viewed with disfavor and are rarely granted. To survive a motion to dismiss, a "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" In evaluating a complaint under Rule 12(b)(6), the district court should confine itself to the pleadings, and the documents attached to the complaint.

A complaint need not contain detailed factual allegations, but it must offer more than mere labels, legal conclusions, or formulaic recitations of the elements of a cause of action. The complaint is construed in the light most favorable to plaintiff, accepting as true all well-pleaded factual allegations and drawing all reasonable inferences in plaintiff's favor. On the other hand, courts may not rely on "legal conclusions that are disguised as factual allegations." If factual allegations are insufficient to raise a right to relief above the speculative level, the claim should be dismissed.

Defendant contends Plaintiff's claim for benefits is governed by the Employee Retirement Income Security Act of 1974 ("ERISA"), which preempts the state law claims asserted in Plaintiff's complaint. An ERISA claim preempts "any and all State laws insofar as they may now

---

[7] R. Doc. 6.

2

or hereafter relate to any employee benefit plan...."[8] "A law 'relates to' an employee benefit plan ... if it has a connection with or reference to such a plan."[9] Plaintiff's claim against Defendant is for an alleged failure to pay benefits under an employee disability plan and, therefore, falls squarely under 29 U.S.C. § 1132(a)(1)(B). Thus, the Court agrees that Plaintiff's claim arises under ERISA and that Plaintiff's state law claims are preempted by the ERISA cause of action.

Defendant asserts that Plaintiff's ERISA claim is time barred because the disability plan provided a three-year contractual limitation period. Specifically, the plan states, "[y]ou can start legal action regarding your claim 60 days after proof of claim has been given and up to 3 years from the time proof of claim is required, unless otherwise provided under federal law."[10] Plaintiff stopped working and filed a claim for benefits in February 2011. Defendant sent Plaintiff a letter dated May 24, 2012 explaining that Defendant terminated Plaintiff's claim effective May 25, 2012. Thus, under the contractual provisions in the plan, Defendant contends Plaintiff was required to file suit on or before May 24, 2015.

ERISA does not provide a statute of limitations for suits to recover benefits.[11] The limitations period for analogous claims under state law may fill the gap.[12] Alternatively, the parties may fill the gap by agreement: "Absent a controlling statute to the contrary, a participant and a plan may agree by contract to a particular limitations period, even one that starts to run before the cause of action accrues, as long as the period is reasonable."[13] In *Heimeshoff,* the Supreme Court evaluated a long term disability plan that had a limitations period prohibiting legal action "3 years after the time written proof of loss is required to be furnished according to the terms of the

---

[8] 29 U.S.C. § 1144(a).
[9] *Shaw v. Delta Air Lines, Inc.*, 463 U.S. 85, 96–97, 103 S.Ct. 2890, 77 L.Ed.2d 490 (1983).
[10] R. Doc. 6-2.
[11] *Heimeshoff v. Hartford Life & Acc. Ins. Co.*, 571 U.S. 99, 105, 134 S.Ct. 604, 187 L.Ed.2d 529 (2013).
[12] *See, e.g., Hall v. Nat'l Gypsum Co.*, 105 F.3d 225, 230 (5th Cir. 1997); *Hogan v. Kraft Foods*, 969 F.2d 142, 145 (5th Cir. 1992).
[13] *Heimeshoff*, 571 U.S. at 105–06, 134 S.Ct. 604.

policy."[14] This period began before the cause of action accrued, but this was permissible because, even after the plan's administrative review process, the beneficiary would have at least a year to file suit.[15] Accordingly, the Supreme Court gave effect to the plan's limitations provision.[16]

In this case, the plan clearly provides a three-year limitation on legal actions for benefits under the plan. Because the Supreme Court has held that a participant and a plan may agree by contract to a particular limitations period, as long as the period is reasonable, the Court finds the three-year limitation in the plan at issue to be valid and enforceable. Plaintiff's claims are time-barred because Plaintiff did not file this suit within three years of the Defendant's notification that it would cease making disability payments to Plaintiff, and the complaint, therefore, fails to state a claim upon which relief can be granted.

## CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that the Motion to Dismiss[17] is **GRANTED**.

**New Orleans, Louisiana**, on this  24th  day of January, 2020.

**GREG GERARD GUIDRY**
**UNITED STATES DISTRICT JUDGE**

---

[14] *Id.* at 103, 134 S.Ct. 604.
[15] *Id.* at 109, 134 S.Ct. 604.
[16] *Id.*
[17] R. Doc. 6.